No. 14,897.

Nebraska Bridge Supply and Lumber Company
v. Deakin et al.
(125 P. [2d] 962)

Decided April 27, 1942.

Messrs. Irwin, O'Connell & Zarlengo, for plaintiff in error.

Mr. Rodney J. Bardwell, Jr., Mr. Erskine R. Myer, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error, plaintiff below, sought to maintain an action against defendants in error based on a clause contained in a highway contract on the theory that under it, it qualifies as a donee or creditor bene-

ficiary. After the complaint was filed, defendants moved for a bill of particulars to include the proceedings in bankruptcy against the original contractor, one M. E. Carlson, with whom the state highway department had entered into an agreement for the re-surfacing of a road. The motion was sustained, and, after the filing of the bill of particulars, defendants demurred specially and generally, the general demurrer being sustained. Plaintiff elected to stand on the complaint and judgment of dismissal, and against it for costs, followed. Reversal is sought on a writ of error. Reference will be made to the parties as below.

The allegations of the complaint, for the purposes of the demurrer assumed to be true, disclose that on December 1, 1937, Carlson entered into a written contract with the state highway department through its engineer to complete a gravel surfacing project in Park county. Carlson purchased from plaintiff on open account certain materials and supplies, to be used in said construction, in the amount of $3,849.24, which supplies were delivered to him in Denver on December 23rd. March 15, 1938, the highway department declared a default on the Carlson contract and abrogated the same because of Carlson's failure to perform. March 25, Carlson was adjudicated a bankrupt by the United States District Court, and one McDougal was named trustee of his estate. April 1, 1938, Deakin & Gustafson, one of the defendants, signed a proposal addressed to the highway department which was in the usual form, but containing the following clause: "It is further understood and agreed that we will take care of, and comply with, any valid commitments made by M. E. Carlson in connection with his contract dated December 1, 1937."

April 14, McDougal took possession of the lumber, and turned it over to George W. Condon Company, subcontractor of defendant Deakin & Gustafson, subsequent to its posting a $5,000 bond to the trustee. June 22, the trustee filed a petition in the federal court asking for

an order against plaintiff to show cause why the trustee's possession of the lumber should not be sustained. The order was granted and plaintiff filed an answer. After a hearing on the matter, the trustee's ownership of the lumber was sustained.

No appeal was taken by plaintiff from this order and on December 13, 1938, the trustee obtained permission to accept payment for the lumber from the Condon Company. Since it had cost $850.00 to transport the lumber from Denver to the road, this amount was added to the purchase price, making a total of $4,699.24. Condon Company paid this sum to the trustee and was formally released.

The record does not disclose what part of this sum, if any, has been received by plaintiff, which contends that that is wholly immaterial on consideration of the demurrer, and that by virtue of the above quoted clause from defendants' proposal to the highway department it is legally entitled to receive the full amount from the defendants.

The assignments of error are all included in the statement that, the trial court erred in sustaining the demurrer to the complaint. Plaintiff's counsel contend that the only question here is whether or not the provision in Deakin's contract, that he would make good all Carlson's commitments, was for the benefit of plaintiff and others, and that the trial court erred in its ruling for two reasons: "First, that it is obvious that the provision was clearly inserted for the benefit of those in plaintiff's position, and second, that if there was any doubt as to the intent or reason, the only proper procedure was to hear the evidence and find out what was intended."

We do not agree with counsels' statement that "it is obvious that the provision was clearly inserted for the benefit of those in plaintiff's position." The intention might have been obvious had the beneficiaries been named, but they were not; however, the rule relating

to third party beneficiaries is sufficiently established in this jurisdiction to allow recovery by the beneficiary if he is able to sustain his case by proper proof.

We believe counsel are right in their second contention, and being of the opinion that the complaint states a cause of action, we think the general demurrer should not have been sustained. The fact that counsel disagree so sharply indicates there must be some doubt as to what was intended. Defendants—and to some extent the trial court—place chief reliance in support of their contention upon the fact that the claim for the lumber was adjudicated in the federal court. That fact undoubtedly had some bearing on the intention of the parties, because, had Carlson not gone into bankruptcy it would have been unnecessary for any third party or parties to make good any or all of his commitments. On the other hand, counsel for plaintiff state that it was not intended that all of Carlson's commitments should be taken care of, but only those in relation to the highway contract.

Defendants contend that since the trustee accepted payment for the lumber from the Condon Company, subcontractors of Deakin and Gustafsen, the bill is paid and that defendants cannot be forced to pay it a second time.

The trial court placed particular emphasis on the assumption that the intention was to protect the highway department against possible suits to foreclose liens for material that became a part of the finished job, and that since plaintiff did not have a lien at the time the controversial clause was inserted in the contract, it was proper that the claim should be adjudicated in bankruptcy. Several other assumptions were made by the trial court which may or may not be warranted. They were merely assumptions that evidence might show were not justified. For this reason we hold that the demurrer should have been overruled.

We think, however, the trial court was right in assert-

ing: "The plaintiff of course became entitled to his proportionate share with other creditors in the general assets of the bankrupt estate." In the event of recovery in this action plaintiff is entitled only to the difference between the amount obtained from the bankrupt estate and that due from Carlson. This must be so because under no theory of law can plaintiff claim successfully to be a gift or donee beneficiary. It is at best a creditor beneficiary. Restatement of the Law—Contracts, vol. 1, §133.

The judgment is reversed and cause remanded with instructions to overrule the demurrer.

MR. JUSTICE KNOUS, MR. JUSTICE BOCK and MR. JUSTICE BURKE concur in the result.

MR. JUSTICE HILLIARD not participating.